04-456
USDC/RI
Judge Smith

MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 05-1118

ARTHUR D'AMARIO, III,

Petitioner, Appellant,

v.

EDWARD B. MOTLEY,

Respondent, Appellee.

---

Before

Boudin, Chief Judge,
Lynch and Lipez, Circuit Judges.

---

JUDGMENT

Entered: May 24, 2005

We grant appellant's motion to expedite this appeal. Reviewing the matter on the papers that have been filed, we affirm the dismissal of appellant's petition.[1]

Treating appellant's filing, which sought his "immediate release", as a hybrid § 2241/§ 2255 petition, the District Court for the Eastern District of Pennsylvania (the district of confinement) transferred the filing to the District Court for the District of Rhode Island (the district of sentencing). Following appellant's release from incarceration to begin service of his term of supervised release, the District Court for the District of Rhode Island dismissed the petition as moot. Appellant appealed and

---

[1]Appellant's motion to remand is denied as moot. The notice of appeal was timely and, in the interim, the district court granted appellant's request for leave to proceed on appeal in forma pauperis.

contests the finding of mootness.

We can affirm on any basis supported by the record, see Helvering v. Gowran, 302 U.S. 238, 245 (1937), and we conclude that, in any event, dismissal was the proper outcome. To the extent that the filing was, in part, a § 2255 petition, it was a second or successive such petition and the district court was without jurisdiction to consider it in the absence of this court's authorization. See 28 U.S.C. § 2255 ¶8.[2] To the extent that the filing was, in part, a § 2241 petition and, assuming that, in the absence of § 2255 jurisdiction, the Rhode Island federal district court would not have jurisdiction to consider it, dismissal was still the proper outcome, although on grounds of lack of jurisdiction.

Finally, assuming that the Rhode Island district court had jurisdiction to consider the § 2241 filing, the finding of mootness appears correct since at the time appellant had achieved his requested relief, i.e., his immediate release from incarceration.

In all events, however, dismissal was proper because appellant has previously raised the same issue presented in the instant filing; it was rejected by the United States District Court for the District of New Jersey, D'Amario v. Bailey, No. 00-2400 (D. N.J. July 25, 2000) (unpublished order), which subsequently also denied appellant's request to vacate that ruling, D'Amario v. Bailey, No. 00-2400 (D. N.J. July 12, 2002) (unpublished order), and appellant later voluntarily withdrew his appeal of that latter denial, D'Amario v. Bailey, No. 02-2973 (3d Cir. Nov. 20, 2002) (unpublished order). Thus, the instant filing was subject to dismissal pursuant to 28 U.S.C. § 2244(a) as an inappropriate repetitive attempt at judicial review.

Affirmed.

Certified and Issued as Mandate under Fed. R. App. R 41.

Richard Cushing Donovan, Clerk

Susan Pedroza
Deputy Clerk

Date: 7-15-05

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________________
Chief Deputy Clerk.

[cc: Arthur D'Amario, Robert Clark Corrente, Esq., Donald Lockhart, AUSA ]

---

[2]Moreover, we would not authorize its filing as it does not meet the statutory requirements for such authorization.

FILED