UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO, III

v. C.A. No. 4-00456S

EDWARD B. MOTLEY

MOTION TO VACATE

Pursuant to Rule 60(b)(4) and 60(b)(6), Petitioner moves to vacate the Judgment dismissing the action as moot, and for a prompt hearing on the merits before a trial judge from without the First Circuit. For support, Petitioner relies on his accompanying memorandum of law.

Petitioner, pro se,
10-31-05
Arthur D'Amario 02989-070
U.S. Medical Center
PO Box 4000
Springfield, MO 65801-4000

CERTIFICATION

I certify that on Oct. 31, 2005, I mailed copies of this Motion and Memorandum to AUSA Adi Goldstein, 50 Kennedy Plaza, Prov., RI 02903.

petitioner, pro se

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ARTHUR D'AMARIO, III

v. C.A. NO. 4-456S

EDWARD B. MOTLEY

MEMORANDUM

A Rule 60 motion can be filed in a habeas corpus action without leave of an appellate court if the motion attacks a structural defect in the post-conviction proceeding. Gonzalez v. Crosby, 125 S.Ct. 2641 (U.S. 2005).

Petitioner is alleging that both Judge Smith and the First Circuit concealed conflicts of interest, were biased, and rendered fraudulent decisions to serve their own warped interest in keeping him falsely imprisoned.

This action was properly filed in the eastern district of Pennsylvania while Petitioner was in physical custody there. Jurisdiction attaches on the initial filing for habeas relief and isn't destroyed by a transfer and custodial change. Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005) (following Rumsfeld v. Padilla, 542 U.S. 426 (2004)). Judge Rufe, knowing this court is biased and disreputable, pretended to misconstrue the § 2241 petition as a § 2255 "hybrid." The filing in Philadelphia set jurisdiction.

Judge Smith, as a lawyer in 1998-99, worked with Todd M. Reed while Reed was defending Sgt. Collins in Petitioner's civil rights suit (won by Petitioner in 2001). Sgt. Collins is a witness against Petitioner in the criminal case presided over by Judge Smith (CR 99-024S). On these plain facts, Judge Smith had a duty to recuse. 28 U.S.C. § 455(b)(2).

Judge Smith had ex parte contact with CUSPO Weiner in early 2003 during which Weiner made false statements to libel and demonize Petitioner.* These facts obligated him to recuse under § 455(a), (b)(1).

*In USA v. D'AMARIO, No. CR 99-024S (D.R.I.), Petitioner has submitted his evidence that the judge and Weiner were colluding to impede his release and return home to Rhode Island. His motion for a new trial under Crim. Rule 33 based on bias and conflict is pending.

Violation of the duty to recuse under § 455(a) is remedial through a vacatur of the judgment. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). This judgment is a legal nullity because the judge was corrupt.

Judge Smith's fear of Petitioner also required his recusal by virtue of In re Nettles, 394 F.3d 1001 (7th Cir. 2005) (granting mandamus to order recusal of all trial and appellate judges where defendant was awaiting trial for allegedly conspiring to blow up the federal courthouse in Chicago). The weird order of the First Circuit affirming the weirder order of Judge Smith is likewise void for bias.

Judge Smith dismissed as "moot" because Petitioner had switched custody from imprisonment to supervised release. But in U.S. v. Molak, 276 F.3d 45, 48 (1st Cir. 2002), the Circuit ruled that supervised release is custody and the defendant maintains an interest in correcting his sentence. That is the law of this Circuit. Judge Smith was bound by that law, and didn't even give Petitioner notice and an opportunity to be heard on the issue.

In affirming, the Circuit said that because Petitioner withdrew his appeal of a Rule 60(b) denial in the Third Circuit in 2003, 28 U.S.C. § 2244(a) was a bar to a renewed application. That is nonsensical and ignores reality.

Attached is a Third Circuit order of May 10, 2004, granting Petitioner authorization to "fil[e] a new habeas petition" in the district of custody. That same week, he filed this complaint in Philadelphia while jailed there. This court is bound by the Third Circuit's order to allow a refiling. The prior action in Camden, NJ, in 2000, was dismissed without prejudice by the Third Circuit. The orders entered by Judge Smith and the First Circuit are truly delusional. Moreover, Petitioner is back in physical custody. He is entitled to trial of the merits before an impartial judge with the right of review to a foreign Circuit. Nettles, supra.

The amateurish Rhode Island judges have no ethics, no ability, and are a form of the Mafia who've promised Ed Roy a judgship for cooperating.

PETITIONER, PRO SE,

Arthur D'Amario, III

cc:

AUSA Adi Goldstein