UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

**No. 00-2643**

D'Amario v. Bailey

To: Clerk

1) Motion to Recall Mandate

---

The foregoing Motion is denied. By order dated May 13, 2003, the Court has previously denied that relief. This order is without prejudice to the filing of a new habeas petition in the appropriate court, or as stated in the order dated July 30, 2001 to contend in any other [appropriate] forum that his detention has continued for an inappropriate length of time. The proceedings as to the above-entitled appeal are, however, concluded.

For the Court,

/s/ Marcia M. Waldron
Clerk

Dated: May 10, 2004
LML/cc: Mr. Arthur D'Amario, III
Donna R. Newman, Esq.
Irene Dowdy, Esq.

DEFENDANT'S EXHIBIT

UNITED STATES PROBATION OFFICE

MEMORANDUM



TO: Honorable Ernest C. Torres
Chief U.S. District Judge

FROM: Barry J. Weiner BJW
Chief U.S. Probation Officer

DATE: April 30, 2003

SUBJECT: ***Arthur D'Amario***
***Release from Imprisonment***

---

On April 29, 2003, Mr. D'Amario was released from a halfway house in Arizona to concurrent 3-year terms of supervised release. While his approved residence is with his parents in Tucson, he has remained adamant that he intends to move back to Rhode Island, with or without the permission of the probation office and/or Court.

Unsuccessful in his quests to intimidate our office into accepting supervision of his case, he filed a motion with the court in New Jersey, asking that it order supervision transferred to Rhode Island. Judge Irenas conducted a telephonic hearing on the motion yesterday. Participants included the defendant, AUSA Debbie Goldkland, AFPD Lori Koch, USPO Steven Alfrey from New Jersey, and me.

Judge Irenas denied the defendant's motion, stating that he would not interfere with the decisions made by the probation office in Rhode Island. He explained what the proper method for requesting transfer of supervision was and suggested that Mr. D'Amario establish a six to eight month period of successful supervision in Arizona wherein he cooperates fully and does not write any threatening or incendiary letters. At that point, he may request transfer through his probation officer in Arizona. His plan will be investigated and decided on by the probation office in Rhode Island. If he is not satisfied with the decision, he can take the matter to the Rhode Island Federal Court, as that is the court that has primary interest in this matter.

Mr. D'Amario balked at the decision and indicated that there is a conspiracy against him, he never wanted to go to Arizona, the BOP ripped up his actual release plan without his authority, etc. He indicated he will not live in Arizona and will return to Rhode Island.

Judge Irenas eloquently attempted to explain to Mr. D'Amario how self-defeating his foolish tactics of threatening folks was, including his continuing to write incendiary letters. He indicated he does not blame Rhode Island for not accepting him for supervision, as he attempts to frighten officials there, including his recent threat against CUSPO Weiner to sue him and have him fired. He told the defendant he was his own worst enemy, he lacks judgement, doesn't know how to deal with people, is uneducable, and doesn't learn from experience.

It is my impression that Mr. D'Amario did not get the message, despite the clear and straightforward manner it was delivered by Judge Irenas. As the hearing concluded, Mr. D'Amario continued to protest that this directive was not lawful and he was going to return to Rhode Island. Judge Irenas again made it very clear that should he set foot in Rhode Island without permission, he will be arrested for violations of the terms of supervised release.

I have discussed this matter with David DiMarzio and filled him in on the details. Our respective staffs have been provided a copy of a recent photo (attached) of Mr. D'Amario and been instructed to notify the Marshals immediately if they observe Mr. D'Amario in Rhode Island.

I remain in communication with our marshals service, the probation office in Arizona responsible for supervision, and several of the other parties involved in this matter. I stand ready to provide additional details about this hearing or any other matter involving this defendant.

BJW/bjw

Encl.

cc: Honorable Mary M. Lisi
U.S. District Judge

Honorable William E. Smith
U.S. District Judge

Honorable Ronald R. Lagueux
Senior U.S. District Judge

Honorable Robert W. Lovegreen
U.S. Magistrate Judge

Honorable David L. Martin
U.S. Magistrate Judge

Honorable Jacob Hagopian
Senior U.S. Magistrate Judge

David DiMarzio
Clerk of Court